**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph E. Jarvis and Huiqin Du,<br><br>Plaintiffs,<br><br>v.<br><br>Mohave County, et al.,<br><br>Defendants. | No.   CV-25-08077-PCT-MTL (ESW)<br><br><br>**ORDER** |

Self-represented Plaintiffs Joseph E. Jarvis and Huiqin Du have filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), Motions to Allow Electronic Filing by a Party Appearing Without an Attorney (Docs. 5 and 6), a Motion to Correct Procedural Classification and to Remove Erroneous Screening Designation (Doc. 9), a "Motion to Correct Improper Related Case Designations" (Doc. 11), and have paid the filing and administrative fees. The Court will grant the Motions to Allow Electronic Filing, deny the Motion to Correct Procedural Classification, deny the Motion to Correct Case Designations, and dismiss the Complaint with leave to amend.

**I.      Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct."

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be

**JDDL-K**

dismissed for failure to satisfy Rule 8(a).  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

It is not the Court's responsibility to review a sprawling narrative to determine which facts support Plaintiffs' claims.  The Court, on its own, can order a plaintiff to replead when the complaint does not comply with Rules 8(a).  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (a district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule 8(a)(2) and Rule 10(b)"); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998) ("District courts have the inherent authority to demand repleader sua sponte.").

Plaintiffs' Complaint is 531 pages long and consists of a 468-page factual narrative followed by twenty-six claims for relief.  Plaintiffs' individual claims for relief are alleged against "All Defendants" and incorporate by reference the 468 pages of factual allegations without identifying which *specific* facts support each claim for relief, making Plaintiffs' Complaint nearly impossible to review.  *See McHenry*, 84 F.3d at 1178 ("[T]he very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action."); *see also Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009) ("Neither this Court nor the district court is required to parse the complaint searching for allegations . . . that could conceivably form the basis of each of Appellants' claims."); *cf. Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991))).

Plaintiffs' Complaint is neither short nor plain.  The Court concludes the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and will dismiss the Complaint without prejudice, with leave to amend, so Plaintiffs may file an amended complaint that complies with Rules 8.

. . . .

## II. Leave to Amend

Within 30 days, Plaintiffs may submit a first amended complaint to cure the deficiencies outlined above.[1] Plaintiffs must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. **Plaintiffs may include only one claim per count**. The first amended complaint may contain no more than **50 pages**.[2]

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

. . . .

---

[1] The Court suggests Plaintiffs review the Court's informational Handbook for Self-Represented Litigants, available at https://publicapps.azd.uscourts.gov/prose-survey, prior to submitting an amended complaint.

[2] The Court bases this limitation on LRCiv 3.4, which limits self-represented prisoner pleadings to 21 pages. Because the Court recognizes Plaintiffs have numerous claims, are not incarcerated, and are able to submit typewritten pleadings, the Court determines that 50 pages is sufficient to protect Plaintiffs' right to access to the courts. *See Gjovik v. Apple Inc*, 2024 WL 5049090, *1 (N.D. Cal. Nov. 20, 2024) ("It is not uncommon for courts to impose page limits, even for pleadings); *see also Sullivan v. Graham*, 2024 WL 2239240 (10th Cir. May 17, 2024) (rejecting plaintiff's challenge to imposition of 50-page limit on his amended complaint); *Lewis v. Fla. Dep't of Corr.*, 739 F. App'x 585, 585-86 (11th Cir. 2018) (rejecting plaintiff's contention that a 25-page limit was unconstitutional as applied in his case); *Lamon v. Ellis*, 584 F. App'x 514, 515 (9th Cir. 2014) (in self-represented plaintiff's § 1983 case, holding that "district court's page limitation was consistent with Federal Rule of Civil Procedure 8(a)(2)"); *Bittaker v. Rushen*, 1992 WL 317243, at *1 (9th Cir. Oct. 29, 1992) (affirming dismissal of self-represented plaintiff's case because plaintiff's pleading exceeded the district court's 40-page limit and failed to comply with Rule 8); *Martinez v. Parks*, 2023 WL 3570608, at *1, (E.D. Cal. May 19, 2023) (in self-represented plaintiff's case § 1983 case, reaffirming decision to limit plaintiff to a 25-page complaint); *cf. Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (holding that lower court "acted within the bounds of permissible discretion" in dismissing the second amended complaint for noncompliance with Rule 8(a) where "[t]he pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain").

If Plaintiffs file an amended complaint, Plaintiffs must write short, plain statements telling the Court: (1) the constitutional right Plaintiffs believe was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiffs' constitutional right; and (5) what specific injury Plaintiffs suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiffs must repeat this process for each person they name as a Defendant. If Plaintiffs fail to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiffs, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

**III.    Motions**

**A.    Motions to Allow Electronic Filing**

Plaintiffs have each submitted a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney and state they can comply with all of the requirements for electronic filing. The Court will grant the Motions.

**B.    Motion to Correct Procedural Classification**

In their Motion to Correct Procedural Classification and to Remove Erroneous Screening Designation, Plaintiffs contest the Nature of Suit Code assigned to this case because they are not incarcerated and have paid the filing fee. Plaintiffs ask that the Court reclassify this case as a standard civil case and disregard all references to screening under 28 U.S.C. § 1915 or § 1915A. The Court will deny the Motion. Upon filing of the Complaint, the Clerk of Court assigned the code 550—"Prisoner Civil Rights." The designation of an action under the "Prisoner Civil Rights" code is an internal administrative procedure used to classify actions for the purpose of allocating judicial resources. Cases that fall with the "Prisoner Civil Rights" Nature of Suit code are civil rights cases relating to police action, arrest, or incarceration. Plaintiffs raise claims related police action and

arrest. Accordingly, their lawsuit has been correctly classified.

Moreover, the use of this Nature of Suit Code has no substantive impact on the adjudication of this or any other action. The Court has not subjected Plaintiffs' Complaint to the screening provisions of the Prison Litigation Reform Act or 28 U.S.C. § 1915(e); rather the Court has relied on its inherent authority to control its docket to require Plaintiffs to comply with the provisions of Rule 8.

### C. Motion to Correct Case Designation

Plaintiffs ask the Court to "correct the public docket and CM/ECF records to remove the 'related case' designations linking the instant matter with unrelated and legally irrelevant cases." The "related cases" are cases previously filed in this Court by one or both Plaintiffs. As with the nature of suit code, the "related cases" notation is simply an internal case management tool that has no substantive impact on the adjudication of this case. The Court will deny the Motion.

## IV. Warnings

### A. Address Changes

Plaintiffs must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiffs must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Possible Dismissal

If Plaintiffs fail to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED:**

(1) The Complaint (Doc. 1) is **dismissed** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs have **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2) If Plaintiffs fail to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

(3) Plaintiffs' Motions to Allow Electronic Filing by a Party Appearing Without an Attorney (Docs. 5 and 6) are **granted**.

(4) Plaintiffs are required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case-related transmissions, be able to electronically transmit documents to the Court in .pdf format, register as a subscriber to PACER (Public Access to Electronic Records) within **5 days** of the date of this Order, and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002. **Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to Plaintiffs**.

(5) Plaintiffs' Motion to Correct Procedural Classification and to Remove Erroneous Screening Designation (Doc. 9) is **denied**.

(6) Plaintiffs' Motion to Correct Related Case Designations (Doc. 11) is **denied**.

Dated this 28th day of April, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge