**WO**                                                                 KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph E. Jarvis and Huiqin Du,<br><br>                Plaintiffs,<br><br>v.<br><br>Mohave County, et al.,<br><br>                Defendants. | No.   CV-25-08077-PCT-MTL (ESW)<br><br>**ORDER** |

**I.      Background**

Self-represented Plaintiffs Joseph E. Jarvis and Huiqin Du filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), a "Motion to Correct Procedural Misclassification," and a "Motion to Correct Improper Related Case Designations and Request for Reclassification and Removal from Screening." On April 16, 2024, this case was reassigned to the undersigned, by random draw, for the purpose of correcting an administrative error. In an April 28, 2024 Order, the Court dismissed the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, gave Plaintiffs 30 days to file an amended complaint, and denied the Motions.

Pending before the Court are Plaintiffs' Motion to Remove Erroneous Screening Designation (Doc. 12), Motion for Disclosure of Internal Policy or Procedural Directive Supporting Screening Designation and Clerical Reassignment (Doc. 13), and Motion to Disqualify Judge (Doc. 15). The Court will deny the Motions.

. . . .

**II.     Motion to Disqualify Judge**

Plaintiffs seek the recusal of the undersigned pursuant to 28 U.S.C. § 455(a) and (b)(1), claiming: (1) the undersigned "served as legal counsel and policy advisor to former Governor Doug Ducey, whose administration oversaw and employed many of the named defendants, including the Mohave County Sheriff's Office, the Arizona Attorney General's Office and others"; (2) the undersigned's "rulings in this case—specifically the improper pre-service dismissal, arbitrary imposition of a 50-page limit, misuse of Rule 8, and wrongful 'screening' of a fee-paid non-prisoner civil rights case—manifest bias and judicial overreach"; (3) "[m]isapplicaiton of precedent and misrepresentation of material facts, including the false assertion that Plaintiffs' detailed and meticulously organized complaint is difficult to follow. . . raising[ing] serious concerns about [the undersigned's] capacity to preside over complex constitutional litigation"; and (4) "[t]hese actions violate Plaintiffs' constitutional rights under the First, Fifth, Seventh, and Fourteenth Amendments of the Untied States Constitution." (Doc. 15 at 2.)

Section 455, 28 U.S.C., requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned" or when he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds in Simmons v. Himmelreich*, 578 U.S. 621 (2016). In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). In *Liteky*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree or favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are

> proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (internal citation omitted). *See also Pesnell*, 543 F.3d at 1044.

The undersigned has reviewed Plaintiffs' Motion and concludes that no reasonable person with knowledge of all relevant facts would question the impartiality of the undersigned. Further, Plaintiffs have failed to provide any evidence in support of their allegations that the undersigned has a personal bias or prejudice concerning Plaintiffs or personal knowledge of disputed evidentiary facts concerning these proceedings. *See General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) ("[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987))); *TV Comm'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1077, 1080 (D. Colo. 1991) ("Conclusory allegations do not mandate recusal under § 455. A judge need not recuse on unsupported, irrational, or highly tenuous speculations and should ignore rumors, innuendos, and erroneous information."). Thus, the Court will deny Plaintiffs' Motion to Disqualify.

**III.   Motions to Remove Erroneous Screening Designation and Motion for Disclosure of Internal Policy or Procedural Directive Supporting Screening Designation**

In their Motion to Remove Erroneous Screening Designation, Plaintiffs reassert their requests to change the Nature of Suit Code for this case, remove the "related cases"

designation from the docket, allow Plaintiffs to file electronically, and issue Plaintiffs' summonses. These requests were addressed in the Court's April 28, 2024 Order and the Court will not revisit them. Plaintiffs also ask that this case be reassigned back to Magistrate Judge Bibles. The Court will deny the Motion.

In their "Request for Disclosure of Internal Policy or Procedural Directive Supporting Screening Designation and Clerical Reassignment," Plaintiffs ask the Court to disclose any "internal policy, directive, or standing administrative procedure" that allows this case to be assigned the Nature of Suit Code 550 and for the notation of "related cases" on the docket. Plaintiffs also request the Court to provide the "basis and authority" for reassignment of this case to the undersigned and "the reason for such for reassignment."

The Court will deny the Motion. As noted in the Court's previous Order, the Nature of Suit Code and "related cases" designation has no impact on the adjudication of this case. As also explained in the previous Order, the Plaintiffs' Complaint was *not* subjected to statutory screening under 28 U.S.C. § 1915A. Plaintiffs' Complaint was dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiffs, like *all parties* before the Court, *regardless of the assigned Nature of Suit Code*, are required to comply with Rule 8. Plaintiffs' 531-page Complaint did not comply with Rule 8 and that, not the Nature of Suit Code, is why it was dismissed.

With respect to the reassignment of this case, as explained in the April 16, 2025 Minute Order, this case was reassigned to the undersigned by random draw, to correct an administrative error.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED:**

    (1)    Plaintiffs' Motion to Disqualify Judge (Doc. 15) is **denied**.

    (2)    Plaintiffs' Motion to Remove Erroneous Screening Designation (Doc. 12) is **denied**.

    (3)    Plaintiffs' Motion for Disclosure of Internal Policy (Doc. 13) is **denied**.

Dated this 1st day of May, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge