**WO**

KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Joseph E. Jarvis and Huiqin Du,

Plaintiffs,

v.

Mohave County, et al.,

Defendants.

No.     CV-25-08077-PCT-MTL (ESW)

**ORDER**

## I.     Background

Self-represented Plaintiffs Joseph E. Jarvis and Huiqin Du filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, a "Motion to Correct Procedural Misclassification," and a "Motion to Correct Improper Related Case Designations and Request for Reclassification and Removal from Screening." On April 16, 2025, this case was reassigned to the undersigned, by random draw, for the purpose of correcting an administrative error. In an April 28, 2025 Order, the Court dismissed the Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, gave Plaintiffs 30 days to file an amended complaint, and denied the Motions.

Plaintiffs subsequently filed a Motion to Remove Erroneous Screening Designation, a Motion for Disclosure of Internal Policy or Procedural Directive Supporting Screening Designation and Clerical Reassignment, and a Motion to Disqualify Judge. The Court denied the Motions in a May 1, 2025 Order. On May 27, 2025, Plaintiffs filed a Petition

for Writ of Mandamus with the Ninth Circuit Court of Appeals, which the Ninth Circuit denied on June 17, 2025.

Plaintiffs have not filed an amended complaint in compliance with the Court's April 28, 2025 Order.  Instead, Plaintiffs filed the following Motions and documents:

> (1)     Motion to Vacate All Orders (Doc. 19);
>
> (2)     "Cause for Removal and Vacatur of All Rulings" (Doc. 21);
>
> (3)     "Ex Parte Motion to Declare Violation of Article III, Section 1, and to Demand Intervention by the Chief Judge Pursuant to 28 U.S.C. § 137(a)" (Doc. 24);
>
> (4)     "Application for Entry of Default Judgment Against Defendant Judge Michael T. Liburdi" (Doc. 30);
>
> (5)     "Request for Ruling on the Unopposed Pending Motions to Vacate and Disqualify Judge Liburdi" (Doc. 31); and
>
> (6)     two Supplements to the Complaint (Docs. 16 and 22)[1] and various Notices.

The Court will deny the pending Motions and dismiss this case for failure to comply with a Court order.

**II.     Disqualification and Recusal**

In their April 30, 2025 and May 2, 2025 Supplements, Plaintiffs named the undersigned as a Defendant in this action and seek his disqualification from this case.  In their pending Motions, Plaintiffs have also repeatedly requested the undersigned's recusal or disqualification.

---

[1] Although the April 28, 2025 Order instructed Plaintiffs that an amended complaint may not incorporate by reference the original Complaint, Plaintiffs' April 30 Supplement states that the "Supplemental Complaint . . . serves to supplement additional claims and causes of action, and to update the Claims for Relief section of the original Complaint to reflect events that occurred both before but mostly after April 14, 2025."  (Doc. 16 at 1). The May 2, 2025 Supplement states "This is not an amended complaint, but a supplement intended to unify the record and clarify the scope of the conspiracy alleged."  (Doc. 22 at 1).  Because the original Complaint has been dismissed, Plaintiffs Supplements are not properly before the Court.  Moreover, Plaintiffs have clearly indicated neither of these documents should be construed as an amended complaint.

1    Ordinarily, when a judge assigned to the case is named as a party, the judge would

2    recuse himself sua sponte pursuant to 28 U.S.C. § 455, which requires a judge to recuse

3    himself "in any proceeding in which his impartiality might be reasonably questioned" or

4    when he is "a party to the proceeding."  28 U.S.C. § 455(a) and (b)(5)(i).  However, this

5    case is not ordinary.

6    When a litigant becomes unhappy with a judge's rulings in a case, a litigant might

7    seek to force the judge to recuse himself by filing a lawsuit against the judge.  But a "'judge

8    is not disqualified merely because a litigant sues or threatens to sue him.'  Such an easy

9    method for obtaining disqualification should not be encouraged or allowed." *Ronwin v.*

10   *State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) (citation omitted), *rev'd on other*

11   *grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984).

12   "'[A] judge is not disqualified by a litigant's suit or threatened suit against him, or

13   by a litigant's intemperate and scurrilous attacks.'"  *United States v. Sutcliffe*, 505 F.3d

14   944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir.

15   1986)).  Similarly, "[w]here a claim against the undersigned judge is so wholly frivolous

16   that there is no jurisdiction, the assigned judge should be able to decline to recuse and

17   proceed with dismissing the case." *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1095

18   (D. Alaska 2006).  *See also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131 (D.D.C. 2007)

19   ("recusal is not required where the claim asserted is 'wholly frivolous' or a litigant has

20   named a judicial officer as a defendant to force him out of the case and hence obtain

21   assignment of a judge the litigant considers more desirable." (quoting *Snegirev*, 407 F.

22   Supp. 2d at 1095)).

23   The Court lacks subject-matter jurisdiction over a claim that is "wholly insubstantial

24   and frivolous." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).  An

25   action under 42 U.S.C. § 1983 may be dismissed as frivolous "where the defense is

26   complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221,

27   1228 (9th Cir. 1984).  Such claims include those in which "it is clear that the defendants

28   are immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Snegirev*,

407 F. Supp. 2d at 1097 (claim precluded by judicial immunity was frivolous).  Such is the case here.

Plaintiffs argue the undersigned was wrongfully assigned to this case and the undersigned's previous work as general counsel and advisor to former Arizona Governor Doug Ducey precludes him from presiding over this case because Plaintiffs believe the undersigned "oversaw many of the named Defendants, including the Mohave County Sheriff's Office, Arizona Attorney General's Office, and multiple state and county agencies directly implicated in the civil rights violations alleged herein."

As has been explained to Plaintiffs in previous orders, the undersigned was assigned to this case by random draw, pursuant to Local Rule of Civil Procedure 3.7.  The previous assignment to Judge Bolton was an administrative error that has no bearing on the adjudication of this case.  Accordingly, the undersigned was not improperly assigned to this case.

Further, the undersigned did not supervise or oversee the Mohave County Sheriff, who is an elected official; the Mohave County Sheriff's Office; or the Arizona Attorney General's Office.  Nor was he a director or administrator of any of the state or county agencies named in Plaintiffs' lawsuit.  Moreover, as the Court explained in its May 1, 2025 Order, Plaintiffs have failed to provide any evidence in support of their allegations that the undersigned has a personal bias or prejudice concerning Plaintiffs or personal knowledge of disputed evidentiary facts concerning these proceedings.  *See General Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990) ("[C]onclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification."  (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987))); *TV Comm'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1077, 1080 (D. Colo. 1991) ("Conclusory allegations do not mandate recusal under § 455.  A judge need not recuse on unsupported, irrational, or highly tenuous speculations and should ignore rumors, innuendos, and erroneous information.").  And, as also explained in the previous Order, disagreement with a judge's previous rulings is not a basis for recusal.

Finally, judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

The Court finds Plaintiffs' claims against the undersigned precluded by judicial immunity and frivolous. Thus, the Court declines to recuse itself.

### III.    Motion to Vacate all Orders (Doc. 19) and "Cause for Removal and Vacatur of All Rulings" (Doc. 21)

In their Motion to Vacate All Orders and "Cause for Removal and Vacatur of All Rulings," Plaintiffs seek to have the Court's previous orders vacated because, they argue, the undersigned's assignment to this case "was made without a judicial order and therefore is legally ineffective." For the reasons discussed above, the Court will deny the Motion.

### IV.    "Ex Parte Motion to Declare Violation of Article III, Section 1 and Demand Intervention, Disqualification, and referral by the Chief Judge Pursuant to 28 U.S.C. § 137(a)" (Doc. 24)

In their Ex Parte Motion, Plaintiffs again argue this case was improperly assigned and contest the Rule 8 dismissal of their initial Complaint. Plaintiffs request the United States District Court Chief Judge reassign this case pursuant to 28 U.S.C. § 137(a) and vacate all previous orders.

Section 137(a), 28 U.S.C., provides:

> The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court. The chief judge of the district court shall be responsible for the observance of such rules and orders, and

1                     shall divide the business and assign the cases so far as such
rules and orders do not otherwise prescribe.

2

3      This statute does not provide for a direct motion to the chief judge for reassignment

4 of a case. Motions to disqualify or recuse a federal judge fall under two statutory

5 provisions, 28 U.S.C. §§ 144 and 455. The Court has discussed the applicability of § 455

6 above and in its May 1, 2025 Order.

7      Section 144 provides for recusal where a party files a "timely and sufficient affidavit

8 that the judge before whom the matter is pending has a personal bias or prejudice either

9 against him or in favor of any adverse party." The affidavit must state the facts and reasons

10 for the belief that the bias or prejudice exists. 28 U.S.C. § 144. If the judge finds the

11 affidavit timely and legally sufficient, the judge must proceed no further and another judge

12 must be assigned to hear the motion. *Id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th

13 Cir. 1980).

14      The undersigned must initially determine whether Plaintiffs have filed an affidavit

15 that is legally sufficient. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)

16 ("the judge against whom an affidavit of bias is filed may pass on its legal sufficiency")

17 (citing *Berger v. United States*, 255 U.S. 22 (1921)). They have not. "An affidavit filed

18 pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that

19 fairly support the contention that the judge exhibits bias or prejudice directed toward a

20 party that stems from an *extrajudicial source*." *Sibla*, 624 F.2d at 868 (emphasis added).

21 Plaintiffs have not filed an affidavit and their Motion does not contain any facts to support

22 the conclusion that the undersigned has exhibited bias or prejudice stemming from an

23 extrajudicial source.[2] Thus, the undersigned is not required to assign the recusal request to

24 another judge. *See Azhocar*, 581 F.2d at 738 ("Only after the legal sufficiency of the

25

26      [2] Plaintiffs' basis for recusal stems entirely from their disagreement with the Nature

27 of Suit code assigned to their case and their belief that their Complaint was wrongfully subjected to screening under 28 U.S.C. § 1915A. Plaintiffs' Complaint was ***not*** screened

28 under § 1915A. Plaintiffs' 531-page Complaint was dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. As the Court has previously explained, *all parties* before the Court are required to comply with Rule 8.

- 6 -

affidavit is determined does it become the duty of the judge to 'proceed no further' in the case."). The Court will deny the Ex Parte Motion.

**V.    Application for Entry of Default Judgment (Doc. 30)**

Plaintiffs seek entry of default judgment against the undersigned. Because the Court finds no basis for recusal or disqualification of the undersigned and because Plaintiffs' claims against the undersigned are precluded by judicial immunity and are frivolous, the Court will deny the Motion.

**VI.    Motion for Ruling (Doc. 31)**

Plaintiffs seek rulings on their pending Motions. Because this Order addresses the pending Motions, the Court will deny as moot the Motion for Ruling.

**VII.    Supplemental Complaints (Docs. 16 and 22) and Dismissal**

Plaintiffs have made no attempt to comply with the Court's April 28, 2025 Order, which dismissed the original Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and gave Plaintiffs 30 days to file an amended complaint of no more than 50 pages in length. Plaintiffs instead filed a 56-page Supplement and a 663-page Supplement.

Pursuant to Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 U.S. 1258, 1260 (9th Cir. 1992); Fed. R. Civ. P. 41(b). In determining whether to dismiss a case for failure to comply with a court order, the Court "must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1261.

The first two factors weigh in favor of dismissal of this action. Plaintiffs' refusal to file an amended complaint in compliance with the April 28 Order impedes both the public's interest in expeditious resolution of litigation and the Court's need to manage its docket. Plaintiffs' inability to succinctly present their claims in a 50-page document potentially

prejudices Defendants' ability to effectively respond to Plaintiffs' claims for relief. The fourth factor weighs against dismissal.

As a less drastic alternative to dismissal, the Court has considered granting Plaintiffs an additional 30 days in which to file an amended complaint that complies with the April 28 Order. However, Plaintiffs have filed nearly a dozen new pleadings since the April 28 Order, none of which have requested additional time to file an amended complaint or have in any way indicated Plaintiffs intend to comply with the Court's Order. To the contrary, Plaintiffs have offered an additional 719 pages of *supplements* to the original Complaint, for a total of 1,250 pages of pleading documents. Because it is clear Plaintiffs have no intention of complying with the Court's April 28, 2025 Order, the Court will dismiss this action under Rule 41(b).

**IT IS ORDERED:**

(1)    Plaintiffs' Motion to Vacate All Orders (Doc. 19) is **denied**.

(2)    Plaintiffs' "Cause for Removal and Vacatur of All Rulings" (Doc. 21) is **denied.**

(3)    Plaintiffs' "Ex Parte Motion to Declare Violation of Article III, Section 1, and to Demand Intervention by the Chief Judge Pursuant to 28 U.S.C. § 137(a)" (Doc. 24) is **denied**.

(4)    Plaintiffs' "Application for Entry of Default Judgment Against Defendant Judge Michael T. Liburdi" (Doc. 30) is **denied**.

(5)    Plaintiffs' "Request for Ruling on the Unopposed Pending Motions to Vacate and Disqualify Judge Liburdi" (Doc. 31) is **denied** as moot.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(6)    Pursuant to Federal Rule of Procedure 41(b), this case is **dismissed** for failure to comply with a Court order.  The Clerk of Court must close this case and enter judgment accordingly.

Dated this 24th day of June, 2025.

Michael T. Liburdi
United States District Judge